UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-20-KKC

ANTHONY WASHINGTON                                                    PETITIONER

VS:                        **MEMORANDUM OPINION AND ORDER**

HECTOR A. RIOS, Jr., Warden                                          RESPONDENT

**** **** **** **** ****

Anthony Washington, an individual currently confined in the United States Penitentiary - Big Sandy ("USP-Big Sandy"), in Inez, Kentucky, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee..

This matter is before the Court for screening.  28 U.S.C. § 2243.  As this is a *pro se* petition it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  During screening, the allegations in the Petition are taken as true and liberally construed in Petitioner's favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001); *see also Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIM

Petitioner alleges that he has newly discovered evidence showing that the United States Parole Commission's ("USPC" or "the Commission") denial of parole in 2002 was decided contrary

to the pertinent procedural regulations, rendering that decision invalid and tainting the same decisions subsequently, in 2004 and 2006.

<u>BACKGROUND</u>

Petitioner Washington admits that in February of 1998, a jury in the Superior Court for the District of Columbia convicted him of second degree murder while armed, and on April 22, 1988, he was sentenced to imprisonment for 15 years to life.  Information from other cases which have been filed by him reveal that he was first eligible for consideration in 1999 and was denied parole. Thereafter, he repeatedly received adverse parole decisions, in 2001, 2002, 2004 and 2006.[1]

The Court takes judicial notice that since Washington's incarceration in the Eastern District of Kentucky, this Petitioner has become a frequent filer for habeas relief in this Court.  The instant cause of action is the ninth habeas proceeding which he has brought to this Court, and all were unsuccessful.  One was a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, *Washington v. Hastings*, 06-CV-086-KKC.

Petitioner's other prior cases, were brought pursuant to 28 U.S.C. § 2241 and have contained multiple attacks on all of the Commission's decisions denying him parole.  *See Washington v. Dove, et al.*, 04-CV-335-KKC; *Washington v. Dove, et al.*, 05-CV-069-DCR; *Washington v. Reilly, et al.*, 05-CV-135-DLB; *Washington v. Reilly, et al.*, 05-CV-241-KKC; *Washington v. United States Parole Commission, et al.*, 06-CV-011-KKC; *Washington v. Hastings*, 06-CV-100-KKC; and *Washington v. Hastings*, 06-CV-144-GFVT.  Washington has been entitled to relief in none.

---

[1]  Copies of all four of these decisions are attached to the habeas petition immediately preceding the instant case, *Washington v. Hastings*, 06-CV-144-GFVT.

2

In the instant case, Washington's eighth Section 2241 proceeding challenging the USPC's decisions to deny him parole, he claims that his 2002, 2004, and 2006 decisions were reached by improper procedures.  Although he has challenged all of these decisions before in this Court, Washington has not previously raised the precise claim herein.

<u>FACTUAL ALLEGATIONS HEREIN</u>

In this Section 2241 action, Petitioner focuses on the 2002 denial of parole and contends that the 2002 decision was so improper as to invalidate it and also taint the subsequent 2004 and 2006 results.  Petitioner claims that after his hearing in front of a hearing examiner in 2002, the Commission failed to follow the procedures contained in the governing regulations to reach the parole decision.

Washington alleges that 28 C.F.R. § 2.23 (b) and (c) require that to obtain a panel recommendation to the Regional Commissioner, there must be a concurrence of two hearing examiners or of a hearing examiner and the Executive Hearing Examiner.  If these votes are split, then the matter must be posed to another hearing examiner or to an Executive Hearing Examiner until a panel recommendation is obtained.

However, in 2002, the proper process was purportedly not followed.  Petitioner states that his Hearing Examiner, named Poteat, recommended that Washington be given parole with a 2003 release date, but the Executive Hearing Examiner, named Pinner, disagreed, preferring a denial of parole and service of another 24 months before having Petitioner's next parole consideration.  Washington attaches a copy of the summary of his August 20, 2002, hearing, written by Hearing Examiner Adrienne R. Poteat.  Exhibit [hereinafter "Ex."] B.  On page one, the summary contains

3

her recommendation that Washington be paroled.   On page 2 is "EHE Pinner's" written disagreement with Poteat's recommendation.

The next attachment to the instant Petition appears to be a USPC worksheet.   Exhibit C, dated September 30, 2002, shows the handwritten decision of the Commission to "[d]eny parole. Continue for a reconsideration hearing in August, 2004," after which there are four signatures: Executive Hearing Examiner Pinner's, that of the USPC's Case Services Administrator Patricia Denton, the signature of Regional Commissioner John R. Simpson, and another signature, which may be that of Commissioner Michael Gaines, but is not clearly legible.   The next day, on October 1, 2002, the Commission issued its formal Notice of Action denying Washington parole and continuing service of his sentence to August of 2004 before his next reconsideration.   Ex. D.

Petitioner Washington grounds his demand for relief in "newly discovered evidence," which a friend supposedly obtained for him recently.   The evidence consists of minutes to the USPC's 2002 quarterly meetings in Chevy Chase, Maryland, and he attaches the first page of each set of minutes, on which is a list of attendees.   The name of Patricia Denton appears as a staff employee of the Commission, with the title "Case Services Administrator."   Ex. F.   According to the Petitioner, as she was case services administrator at that time, and not a hearing examiner, Denton did not have the authority to make a panel recommendation.

Petitioner concludes that this "newly discovered evidence clearly demonstrates that Petitioner's 2002 parole proceedings were tainted, unfair, and invalid.   As a result, the Commission's October 1, 2002 parole determination was invalid, as well as 2004 and 2006 decisions."

## DISCUSSION

The Petitioner's instant cause of action will not proceed further but will be dismissed, *sua sponte*. The Court is of the opinion that the Petition constitutes an abuse of the writ of habeas corpus, because Washington raises a claim which could have been raised earlier – in several earlier proceedings, in fact. As such, the Court has the discretion to decline to decide the Petition on the merits and dismiss it on the ground of abuse of the writ. *See McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Despite this option as a ground for dismissal, however, the Court prefers to reach the merits. *See Dietz v. United States Parole Commission*, 2008 WL 60287 (6th Cir. 2008) (slip op.) (citing *McCleskey*, 499 U.S. at 489).

The instant Petitioner cites to relevant regulations but his spin on them to invalidate the Commission's 2002 denial is not grounded in any cited law. The first relevant provision is, indeed, 28 C.F.R. § 2.23, *Delegation to hearing examiners*, whereby the Commission delegates to hearing examiners the authority to hold hearings and make recommendations as to the granting or denial of parole. It provides that a hearing can be held by two examiners; or by a single examiner and an Executive Hearing Examiner if only one examiner was ordered; or by a panel of examiners. *Id.* at subsection (a).

The goal is for the examiners to reach an "examiner panel recommendation," which will be sent to the Regional Commissioner; this panel recommendation is obtained by the concurrence of two hearing examiners, or if only a single examiner was assigned, the concurrence of the one hearing examiner and an Executive Hearing Examiner. Section 2.23(b). When the two hearing examiners do not concur, however, another portion of the regulation provides as follows:

> In the event of divergent votes, the case shall be referred to another hearing examiner (or to the Executive Hearing Examiner in the case of a hearing conducted by a panel of examiners) for another vote. If concurring votes do not result from such a referral, the case shall be referred to any available hearing examiner until a panel recommendation is obtained.

28 C.F.R. § 2.23(c). Thus, it is clear that the matter does not go to the Regional Commissioner until a panel recommendation is reached. *See also* 28 C.F.R. § 2.23(d).

According to Washington's own allegations and exhibits, his hearing examiner and his Executive Hearing Officer did not concur. Therefore, under Section 2.23(c), his case needed to be referred to another hearing examiner, and if necessary another hearing examiner, "until a panel recommendation is obtained." *Id.* That a panel recommendation was reached in Washington's 2002 application for parole, is evidenced by the fact that it moved to the next step, *i.e.*, that of Regional Commissioner Simpson, and by Simpson's signature on 2002 worksheet containing the ultimate determination to deny parole and delay his next reconsideration for 24 months.

28 C.F.R. § 2.24, *Review of panel recommendation by the Regional Commissioner*, governs the options available to the Regional Commissioner upon his or her receipt of the panel recommendation. He/she "may make the decision by concurring" with the recommendation, if he/she disagrees, however, the matter can go "to another Commissioner and the decision shall be made on the concurring votes of two Commissioners." *Id.* at (a).

If Washington's panel recommendation in 2002 was to deny parole, the Regional Commissioner's signature on Exhibit C shows his concurrence with that recommendation. If the panel recommendation which Simpson received from the examiners was to grant the parole, however, and Simpson disagreed rather than concurring, the Regional Commissioner had only to refer the matter to another Commissioner for a concurrence. Commissioner Gaines' signature, if it

6

is his, suggests that the Regional Commissioner and Commissioner Gaines' concurred in believing that denial was the appropriate option.

28 U.S.C. § 2.74, *Decision of the Commission*, as its name implies, governs the Commission's ultimate authority to "render a decision granting or denying parole." Section 2.74(a). "Decisions granting or denying parole shall be based on the concurrence of two Commissioners." *Id.* at (c). Since two Commissioners concurred in Washington's case in 2002, as shown by their signatures and the Commission's formal decision the next day, and since under the regulations, the concurrence of only two Commissioners were needed before the Commission's ultimate decision, the decision complained-of was not arbitrary. It must be remembered that the Court's review is confined to the Commission's final decision to grant or deny parole. *Viers v. Bogan*, 47 F.3d 1172 (6th Cir. 1995) (Table).

Even so, the Petitioner has not shown that the USPC's determination of 2002 was obtained contrary to the procedures in place to render those decisions. Petitioner's theory about Patricia Denton is just that, a theory. He fails to show how her being designated a Case Services Administrator in any way invalidates the parole decisions about Washington in 2002 or any later time. How can she cause a valid parole decision, which was decided 6 years ago and was based on two Commissioners' concurrence, to become invalid? Further, to the extent that Washington's claim/theory had any validity, Denton's name on some bureaucratic minutes in 2002, even if newly discovered, does not meet the test for reopening the issue.

In short, the Petitioner has again failed to state a claim regarding the Commission's parole decisions of 2002, 2004, or 2006, and his latest Section 2241 challenge will be dismissed for this reason.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Anthony Washington's Petition for Writ of Habeas Corpus is **DENIED**;

(2)     Petitioner's case will be **DISMISSED**, *sua sponte*, with prejudice, and a contemporaneous Judgment shall be entered herein in conformity with this Memorandum Opinion and Order.

Dated this 17th day of March, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**